# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**

No. 22-607V

|  |  |
|---|---|
| SANDRA GILL PACE,<br><br>      Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>      Respondent. | Chief Special Master Corcoran<br><br>Filed: August 19, 2025 |

*Mark Saliman*, Saliman Law, LLC, Denver, CO, for Petitioner.

*Emilie Williams*, U.S. Department of Justice, Washington, DC, for Respondent.

**DECISION ON ATTORNEY'S FEES AND COSTS**[1]

On June 2, 2022, Sandra Gill Pace filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that she suffered a shoulder injury related to vaccine administration as a result of an influenza vaccine administered on October 19, 2020. Petition, ECF No. 1. On August 30, 2024, I issued a decision awarding compensation to Petitioner based on the parties' stipulation. ECF No. 38.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $44,295.00 (representing $43,781.85 in fees plus $513.15 in costs). Application for Attorneys' Fees and Costs ("Motion") filed February 28, 2025. ECF No. 43. Furthermore, counsel for Petitioner represents that Petitioner incurred no personal out-of-pocket expenses. *Id.* at 2.

Respondent reacted to the Fees Motion on March 25, 2025, reporting that he is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. Motion at 2-4, ECF No. 46. Petitioner filed a reply requesting an award of fees and costs as indicated in the Motion. ECF No. 47.

I have reviewed the billing records submitted with Petitioner's requests and find a reduction in the amount of fees to be awarded appropriate, for the reasons listed below.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs to successful claimants. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The Petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours

2

that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

## ATTORNEY FEES

Petitioner requests that I apply the hourly rate of $553.50 for work performed by her attorney, Mark Saliman, in the 2021-24 timeframe. However, I find this proposed rate excessive. Mr. Saliman represents that he was admitted to the Colorado bar in 1991 (ECF No. 45-1), a jurisdiction that has been deemed in forum, placing him in the OSM Fees Schedule ranges of attorneys with 20 – 30 years of experience for work performed in 2021, and in the range of attorneys with 31+ years' experience for work performed in the 2022-25 timeframe.[3] (I incorporate by reference all of the explanatory notes contained in these rate schedules).

But Mr. Saliman's proposed rate exceeds the applicable forum ranges for work performed in the 2021-22 period - and for 2023, places him on the highest end of the experience range. And it is well established that experience representing Petitioners in the Vaccine Program is highly relevant to what hourly rates an attorney should receive. *See McCulloch v. Sec'y of Health and Human Services*, No. 09–293V, 2015 WL 5634323, at *17 (Fed. Cl. Spec. Mstr. Sept. 1, 2015) (stating the following factors are paramount in deciding a reasonable forum hourly rate: experience in the Vaccine Program, overall legal experience, the quality of work performed, and the reputation in the legal community and community at large). While I acknowledge Mr. Saliman's 30+ years of complex civil litigation practice, he was only *recently* admitted to this Court (in April 2021), and this appears to be his first Vaccine Act case to reach the fees stage. Therefore, it would be improper for Mr. Saliman to receive an hourly rate on the mid to higher ends of the Fee Schedules, when those rates are reserved for comparably experienced counsel who *also* have lengthy experience representing Petitioners in the Program.

Accordingly, based on my experience applying the factors relevant for determining proper hourly rates for Program attorneys, **I find it reasonable to award Mr. Saliman the following rates: $435.00 for 2021; $473.00 for 2022; $495.00 for 2023; and $530.00 for 2024.** These rates take into account his limited Vaccine Program experience

---

[3] The Vaccine Program's Attorney's Forum Hourly Rate Fee Schedules are available on the U.S. Court of Federal Claim's website: https://www.uscfc.uscourts.gov/osm-attorneys-forum-hourly-rate-fee-schedules

and are within the applicable experience ranges based on the OSM Fees Schedules.[4] **Application of the foregoing reduces the amount of fees to be awarded herein by $4,050.35.**[5] All other time billed to the matter is reasonable and shall be awarded.

Petitioner has otherwise provided supporting documentation for all claimed costs. ECF No. 45-8 at 1-5. Respondent offered no specific objection to the rates or amounts sought. I find the requested costs reasonable and hereby award them in full.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT, in part, Petitioner's Motion for attorney's fees and costs. **Petitioner is awarded attorneys' fees and costs in the total amount of $40,244.65 (representing $39,731.50 in fees plus $513.15 in costs) to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[6]

**IT IS SO ORDERED.**

s/Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[4] *See McCulloch v. Sec'y of Health and Human Services*, No. 09–293V, 2015 WL 5634323, at *17 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

[5] This amount consists of reducing attorney Saliman's hourly rate for time billed in the 2021-24 timeframe and is calculated as follows: ($553.50 - $435.00 = $118.50 x 2.60 hours billed in 2021) + ($553.50 - $473.00 = $80.50 x 13.10 hours billed in 2022) + ($553.50 - $495.00 = $58.50 x 35.70 hours billed in 2023) + ($553.50 - $530.00 = $23.50 x 25.50 hours billed in 2024) = $4,050.35.

[6] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.